UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:05-CR-218-1-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| FRANCISCO FROYLAN | ) | |
| TELLO-NICIO, | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's Motion for Sequestration of Government Witnesses, Motion for Notice of Intent to Use 404(b) Evidence, Motion for Bill of Particulars, and Motion to Extend Time Period for Filing Pre-Trial Motions.

### I. Motion for Sequestration of Government Witnesses

Defendant has moved for Sequestration of Government Witnesses. Pursuant to Rule 615 of the Federal Rules of Evidence, a court, upon request of a party, "shall order witnesses excluded so that they cannot hear the testimony of other witnesses . . . ." FED. R. EVID. 615. Consequently, Defendant's motion shall be ALLOWED; however, the order of sequestration shall apply to all witnesses, not just witnesses called by the Government, and shall not extend to the Government's case agent.

### II. Motion for Notice of Intent to Use and Disclose 404(b) Evidence

Defendant also requests that the Government disclose "any evidence which the Government intends to offer against this Defendant pursuant to F.R.E. 404(b)." Mot. for Notice of Government's Intention to Offer Surprise Evidence Under 404(b) [DE-31] at p. 1. In response, the Government indicated that it is in the process of reviewing potential Rule 404(b) evidence and that it will notify the Defendant of any such evidence.

Under Rule 404(b), a defendant is entitled to notice by the Government of its intent to

introduce evidence of prior crimes, wrongs or acts, used to prove motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident. The rule, by its terms, entitles a defendant to notice of the Government's intent to introduce the evidence and the general nature of the evidence. *See* FED. R. EVID. 404(b).

Accordingly, Defendant's motion is ALLOWED and the Government is instructed to comply with Rule 404(b) by providing the Defendant reasonable notice of its intent to introduce Rule 404(b) evidence and the general nature of such evidence by **March 1, 2006.**

### III. Motion for Bill of Particulars

Following the return of the Superseding Indictment in this matter, Defendant moves the court to order the Government to file a bill of particulars. The Government opposes the motion, arguing that it is not required to produce the requested information prior to trial.

The Constitution requires that an indictment contain "the elements of the offense charged." *Hamling v. United States*, 418 U.S. 87, 117 (1974)(noting that the purpose of this requirement is twofold: to ensure that the defendant has adequate notice of the offense charged to enable him to put on a defense, and to protect him from double jeopardy); *see also* U.S. CONST. amend. V (setting forth the right of the accused to a grand jury indictment and not be charged for the same offense twice); *United States v. Sepulveda*, 15 F.3d 1161, 1192 (1st Cir. 1993) (explaining that an indictment that lacks specificity violates the Fifth Amendment right to a grand jury indictment because it does not adequately apprise the defendant of the charges he must defend against at trial); *United States v. Pupo*, 841 F.2d 1235, 1239 (4th Cir. 1988 )(holding that an indictment lacking an essential element fails to charge any federal offense). Generally, it is sufficient that the indictment directly sets forth the offense in the words of the statute itself. *United States v. Lockhart*, 382 F.3d 447, 449 (4th Cir. 2004).

The purpose of a bill of particulars is to enable a defendant to obtain ample

information on the nature of the charge against him so that he may prepare for trial, minimize the danger of surprise at trial, and enable him to plead his acquittal or conviction in bar of another prosecution for the same offense. *United States v. Schembari*, 484 F.2d 931, 934-35 (4th Cir. 1973). Typically, a bill of particulars will not be needed if the information is provided either by the indictment or the discovery process. *Id.* Furthermore, another court within this district has succinctly summarized how a bill of particulars should *not* be used:

> The proper scope and function of a bill of particulars is not to obtain disclosure of evidence to be offered by the government at trial, but to minimize surprise, to enable movant to obtain such facts as are needed to prepare his defense, and to preclude a second prosecution for the same offense. The bill of particulars is not intended to give a defendant the benefits of the government's investigative efforts. Nor may it be used to compel disclosure of the government's legal theory prior to trial. A defendant is only entitled to know those central facts which will enable him to conduct his own investigation of the transactions that resulted in the charges against him. Moreover, a defendant is not entitled to compel the government to describe in detail the manner in which the crime was committed, thereby forcing the prosecution to fix irrevocably the perimeters of its case in advance of trial.

*United States v. Stroop*, 121 F.R.D. 269, 272 (E.D.N.C. 1988)(internal citations omitted).

In the instant case, Defendant requests that the Government specify additional items as to Count One and the Forfeiture Notice in the Superseding Indictment. Count One charges:

> Beginning in or about February, 2005, the exact date being unknown to the Grand Jury, and continuing thereafter up to and including March 24, 2005, in the Eastern District of North Carolina and elsewhere, Francisco Froylan Tello-Nicio, defendant herein, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree with other persons, both known and unknown to the Grand Jury, to knowingly, intentionally and unlawfully distribute and possess with the intent to distribute less than fifty (50) kilograms of marijuana, a Schedule I controlled substance, in violation of Title 21, United States Code, Section 841(a)(1). All in violation of Title 21, United States Code, Section 846.

Specifically, the Defendant requests that the Government identify the specific locations where

the alleged conspiracy functioned, the identity of all co-conspirators, all alleged overt acts, each of the transactions that provide the basis for the drug amounts alleged in the Superseding Indictment, and the manner and means of the conspiracy. The Superseding Indictment also includes a Forfeiture Notice, in which the Government maintains that the defendant shall forfeit $19,800 in United States currency seized from the Defendant and held by the Government. Defendant requests that the Government specify all the property and source for valuation of property underlying the amount of currency the Government seeks to forfeit, and an explanation of how the forfeitable property constitutes proceeds of illegal activity.

Count One of the Superseding Indictment sets forth the object of the alleged conspiracy, its general location, and the general time frame during which it occurred. Although Count One does not list overt acts, this is not grounds for a bill of particulars, as proof of an overt act in furtherance of the conspiracy is not required to sustain a conspiracy conviction under 21 U.S.C. § 846. *United States v. Shabani*, 513 U.S. 10, 14 (1994)("In order to establish a violation of 21 U.S.C. § 846, the Government need not prove the commission of any overt acts in furtherance of the conspiracy."). Since proof of an overt act is not required for this offense, overt acts need not be alleged in the Superseding Indictment. Moreover, the language of the Superseding Indictment essentially tracks the statutes allegedly violated and the Government represents in its response that the parties have engaged in liberal discovery. Consequently, it appears to the court that the Superseding Indictment informs the Defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to protect against double jeopardy and to avoid surprise.

Similarly, the court finds that the portion of the Superseding Indictment relating to forfeiture is sufficiently specific. The language in the Superseding Indictment provides

sufficient notice to the Defendant that the Government will seek the forfeiture of property, $19,800 in United States currency, as part of any sentence. *See* Fed. R. Crim. P. 7(c)(2) and 32.2; *United States v. Amend*, 791 F.2d 1120, 1125 (4th Cir. 1986)("the essential purpose of [Rule 7(c)(2)] is to provide persons with adequate notice of the extent to which forfeiture is sought."). Defendant appears to be requesting information regarding whether the Government can establish a "nexus" between the property to be forfeited and the offense alleged. *See* Fed. R. Crim. P. 32.2(b)(1). A bill of particulars is not the appropriate vehicle for obtaining such information. *See United States v. Moffitt, Zwerling & Kemler, P.C.*, 83 F.3d 660, 665 (4th Cir. 1996)("A bill of particulars is an appropriate way to pinpoint certain assets, noted in the indictment, as subject to forfeiture.")

Accordingly, Defendant's Motion for a Bill of Particulars is DENIED.

### IV. Motion to Extend Time Period for Filing Pre-Trial Motions

Defendant requests time to file additional pretrial motions, in the event that the court allows his Motion for Bill of Particulars, and "for any other reason which may arise prior to the trial in this matter." Mot. to Extend Time Period [DE-34] at p. 1. As described above, the undersigned has denied the Defendant's Motion for Bill of Particulars. Accordingly, Defendant has not established good cause and his Motion to Extend Time Period for Filing Pretrial Motions is DENIED.

### V. Conclusion

Based upon the foregoing, it is therefore ORDERED that:

1. Defendant's Motion for Sequestration of Government Witnesses is ALLOWED; however, the Order of sequestration shall apply to all witnesses, not just witnesses called by the Government, and shall not extend to the Government's case agent;

2. Defendant's Motion for Notice of Rule 404(b) Evidence is ALLOWED;

3. Defendant's Motion for Bill of Particulars is DENIED; and

4. Defendant's Motion to Extend Time Period for Filing Pre-Trial Motions is DENIED.


SO ORDERED.

This 14th day of February, 2006.

_____
JAMES C. FOX
Senior United States District Judge